EDWARD EVANS and JOHN B. DAVIS *vs.* JOANNA V. HER-RING.

1. A person holding personal property under a bill of sale has a good title, that cannot be impeached for fraud by the vendor, or any person claiming under him, except a *bona fide* creditor having a legal lien upon the property.

2. A distress will not lie for rent until it is due; and although the property is not appraised and sold until after the rent is due, the irregularity is not thereby cured, but the distrainor will be liable as a trespasser from the beginning.

3. A party whose goods are unlawfully distrained does not forfeit or waive any legal right by not claiming the goods when the distress is made.

In error to the Hudson Circuit Court.

An action of trespass was brought in the court below, by Joanna V. Herring, against Evans and Davis, to recover damages for taking and removing her goods and *chattels.* The goods were distrained and sold by Davis, under a landlord's warrant, issued for rent claimed by Evans. On the trial at the circuit, several exceptions were taken to the ruling of the court, upon which errors were assigned.

The principal points raised, and the facts sufficient for an understanding of the case, appear in the opinion delivered in this court.

Argued at June Term, 1858, before the CHIEF JUSTICE, and Justices OGDEN, HAINES and RYERSON.

*I. W. Scudder,* for plaintiffs in error.

*Fleming,* for defendant.

The opinion of the court was delivered by

HAINES, J. The plaintiff below brought an action of trespass in the Hudson Circuit Court to recover damages alleged to have been sustained by reason of the defendants taking and removing certain of her goods and chattels.

At the trial it appeared in evidence that one Hamilton J. Combs had leased a storehouse from Evans, one of the defendants below, and had occupied it as a grocery; that on the 23d June, 1855, he sold out the remnant of his stock in trade to the plaintiff, and gave her a bill of sale of the same, and delivered to her the key of the storehouse and possession of the goods; and that the consideration of the sale was money, before then lent by the plaintiff to Combs. This was evidence of title in the plaintiff good and conclusive against Combs, and not impeachable for fraud by him, or any person claiming under him, except a *bona fide* creditor having a legal lien upon the property. The charge of the court to this effect was proper, and the exception to it is not well taken.

It further appeared in evidence that, on the 31st of July, the defendants entered the storehouse, and seized the goods in question, and afterwards sold them at public auction. This is evidence of an unlawful act, and rendered the defendants trespassers, unless they could justify it under some legal authority. In justification, they insist that Davis, as the bailiff of Evans, distrained the property for rent in arrear and due to Evans, the landlord of Combs. But it appears that the rent became due on the first day of August, and that the distress was made on the thirty-first day of July, the day before it became due. It is a well-settled rule of law that the rent should be due according to the terms of the demise, before distress for, it can lawfully be made. *Bradley on the Law of Distress* 87.

The taking of the property before the rent became due rendered the defendants trespassers. The subsequent proceedings of appraisement and sale, although after the rent became due, did not cure the defect; being trespassers at the beginning, they continued to be so to the end. They acquired no legal lien upon the property, and therefore could not question the validity of the sale from Combs to the plaintiff. *Hendricks v. Mount,* 2 *South.* 743; *Stebbins*

v. *Walker*, 2 *Green* 100. Nor were they justified in taking the property.

It is further insisted that although the rent was not due at the time the goods were seized, yet the defendants committed no trespass because they did not remove them. Under the law of distress, they could only make an inventory of the goods, and impound them for ten days, to afford the tenant an opportunity of paying the rent or of suing out a writ of replevin. In this case they seized the goods, made an inventory, and left them impounded on the premises. Davis himself, when called as a witness, says he distrained them on the 31st July. That was a distress made without authority of law, an unlawful taking of the goods, and a trespass for which the defendants were liable. But they did not stop there. At the expiration of ten days, they had the goods appraised, and afterwards sold them. They must be regarded as trespassers *ab initio*, and responsible for all the damages done.

The plaintiff did not forfeit or waive any of her rights by not claiming the property at the time of the distress. Many reasons may have existed to deter her from claiming the goods, and she was not bound to do it. The defendants took them in their own wrong and at their peril. There is no evidence of any acquiescence on her part to mislead them or to discharge them from their liability.

I can see no error in the charge of the court or in the proceedings below, and am of the opinion that the judgment should be affirmed, with costs.